UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LILIA BARRIOS ARROYO,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR, et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02927-JHC<br><br>ORDER |

This matter comes before the Court on Petitioner Lilia Barrios Arroyo's Petition for Writ of Habeas Corpus. Dkt. # 1. The Court has considered the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the Petition. Dkt. # 1.

Petitioner claims that her detention has become unconstitutionally prolonged. Dkt. # 1 at 3. To the extent relief may be granted to Petitioner, she has already recently received it.[1] Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See Barrios Arroyo v. ICE Field Off. Dir.*, 2026 WL 1396575 (W.D. Wash. May 19, 2026). She has received multiple bond hearings. *See* Dkt. # 8 at 2-4. Petitioner's most recent bond hearing was on May 27, 2026, less than two

[1] To be clear, the Court is not implying Petitioner may never bring a viable ground for relief stating that her detention has become unconstitutionally prolonged, but on the facts here, relief may not be granted.

months before the instant Petition was filed, as a habeas remedy ordered by this Court. *See* Dkt. # 1 at 3, 7-8; *see also* Dkt. ## 10, 11. Petitioner does not raise a claim that the bond hearing was unconstitutional or that the result occurred due to legal error, or challenge the bond hearing in any other way this Court may consider.[2] *See* Dkt. # 1 at 3; *see also Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Soriano v. Hernandez*, 830 F. Supp. 1071, 2026 WL 969764, *2-3 (W.D. Wash. Apr. 10, 2026).

For these reasons, the Court DENIES the Petition. Dkt. # 1. Additionally, the Court DENIES Petitioner's Motion for Appoint of Counsel, Dkt. # 2, as moot.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of October, 2026.

John H. Chun
United States District Judge

[2] On reply, Petitioner does say that in her bond hearing she did "not the opportunity to present any of her arguments to prove to the Tacoma Immigration Court that she is not a flight of 'risk or a danger to community,' and immediately denied the bond." Dkt. # 14 at 2. The Court has reviewed the record submitted by Respondents, which shows the immigration judge did interrupt Petitioner from speaking, but also shows that Petitioner was able to present, through her counsel, argument and provide the immigration judge hundreds of pages of exhibits in support of her position. *See* Dkt. ## 10, 11.